IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MYDRIA STRINGER, JR.,

    Plaintiff,

vs.     :    CIVIL ACTION NO.: CV514-030

GRADY PERRY; Chief NILSON;
Lt. WILLIAMS; Sgt. CHANEY;
Officer WILLIS COOK; GRIEVANCE
COMMITTEE; and CLASSIFICATION
COMMITTEE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Lee State Prison in Leesburg, Georgia, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, in the United States District Court for the Middle District of Georgia. Because Plaintiff's claims arise from events that occurred during his incarceration at Coffee Correctional Facility in Nicholls, Georgia, the case was transferred to this Court. Plaintiff seeks to proceed in forma pauperis.

In his Complaint, Plaintiff alleges that on October 20, 2013, another inmate, who is a gang member, threatened this life. Plaintiff alleges that he reported the incident and requested placement in protective custody ("PC"). Plaintiff asserts that Defendants Nilson, Williams, Chaney, and Willis violated his rights by not placing him in protective

custody when he reported the incident. Plaintiff further asserts that the Grievance Committee violated his rights by denying his grievances. Plaintiff states that he appealed that denial to the Classification Committee and was told, at a hearing, that he would be granted PC. However, Plaintiff alleges that the Classification Committee delayed his placement for six months. Plaintiff states that when action was taken, he was not placed in PC but rather he was placed in "Old Segregation Dorm." Plaintiff asserts that he wrote a letter to Warden Grady Perry who took no action thereby violating his civil rights.

A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915 (West Supp. 1999). 28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West Supp. 1999).

In an October 30, 2000 Order dismissing civil action numbered CV697-129 filed by Plaintiff, United States District Judge B. Avant Edenfield referred to the Court's June 9, 1995 Order in <u>Stringer v. Coxwell</u>, CV694-02, in which Plaintiff was designated a frequent filer and barred from bringing further cases "absent full payment of the filing fee at the time of filing." (Dkt. No. 25.) In the October 30, 2000 Order, Judge Edenfield also directed the Clerk to diligently enforce the aforementioned <u>Coxwell</u> Order by enclosing a copy of this Order with each new-case filing sent to a Magistrate Judge for screening to

recommend whether the civil action should be dismissed for Plaintiff's failure to comply with the requirements of the PLRA. As Plaintiff is a three striker under § 1915(g), he cannot proceed *in forma pauperis* in the case *sub judice* unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id. at 1193 (citation omitted).

In the case *sub judice*, Plaintiff has failed to sufficiently demonstrate that he was in imminent danger of serious physical injury at the time he filed his Complaint. When the instant complaint was filed, Plaintiff had been transferred to Lee State Prison, where he is currently housed. Plaintiff's allegations that he was threatened by another inmate on October 30, 2013, more than five months prior to filing his Complaint on April 3, 2014, do not constitute "imminent danger" within the meaning of § 1915(g). Plaintiff's allegations of danger in the past can not support a finding that he was in imminent danger of serious physical injury at the time he filed this Complaint. Therefore, he should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

As Plaintiff does not qualify under the "imminent danger of serious physical injury" exception to § 1915(g), he is not entitled to proceed *in forma pauperis*. Accordingly, it is my **RECOMMENDATION** that Plaintiff's request to proceed *in forma pauperis* should be

AO 72A
(Rev. 8/82)

**DENIED** and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $400.00 filing fee.

**SO REPORTED** and **RECOMMENDED**, this 30th day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)